**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CAROLYN T. SIMONS** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 19-562-BAJ-RLB** |
| **KELLOGG SALES COMPANY** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 13, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAROLYN T. SIMONS** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 19-562-BAJ-RLB** |
| **KELLOGG SALES COMPANY** | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Remand (R. Doc. 4) filed by Plaintiff, Carolyn T. Simons, on September 20, 2019. Defendant filed its Opposition (R. Doc. 6) on October 11, 2019.

**I.    Background**

Plaintiff initiated this action in state court with the filing of her Petition for Damages (R. Doc. 1-1 at 6-11, the "Petition") on May 24, 2019 in state court. In her Petition, Plaintiff alleges that she fell ill after consuming Kellogg's Honey Smacks cereal that was recalled after a multistate outbreak of Salmonella Mbandaka infections. (R. Doc. 1-1 at 6-8, ¶¶ 4-15). Plaintiff avers that she began experiencing certain symptoms on May 27, 2018, including difficulty walking, severe dizziness, equilibrium problems, double vision, blurred vision, chest pains, syncope, chills, headaches, vomiting, diarrhea, stomach pain, fever, fatigue, and dehydration, which brought her to the emergency room. (R. Doc. 1-1 at 7, ¶ 11). She alleges that, as of the date of the filing of her Petition, she continues to suffer from equilibrium problems and dizziness related to her Salmonella infection. (R. Doc. 1-1 at 8, ¶ 15). Plaintiff seeks relief pursuant to theories of strict liability, breach of warranty, negligence, negligence *per se*, and violation of the Louisiana Unfair Trade Practices and Consumer Protection Law. (R. Doc. 1-1 at 8-10, ¶¶ 16-36).

Defendant Kellogg removed this action with the filing of its Notice of Removal on August 23, 2019, alleging federal jurisdiction on the basis of diversity pursuant to 28 U.S.C. § 1332. (R. Doc. 1 at 2). Defendant also alleges that the amount in controversy was not apparent

on the face of Plaintiff's Petition, and that the first indication it had that Plaintiff was seeking in excess of $75,000 was a July 28, 2019 settlement demand. (R. Doc. 1 at 2-3). Plaintiff seeks remand, suggesting that removal was untimely because Defendant was put on notice that the amount in controversy exceeds $75,000 with the description of her damages, medical expenses, and lost wages in her Petition. (R. Doc. 4 at 1).

**II.     Law and Analysis**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1).  The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b).

Plaintiff's argument is that the 30-day removal period was triggered by the service of the petition.  In determining whether the 30-day period for removal is triggered under § 1446(b)(1), the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading *'affirmatively reveals on its face* that the

2

plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)). The Court in *Mumfrey* noted that if a plaintiff wishes the thirty-day time period to run from the defendant's receipt of the initial pleading, he shall "place in the initial pleading **a specific allegation that damages are in excess of the federal jurisdictional amount**." *Id.* (citing *Chapman*). Such a statement would provide notice to defendants that the removal clock had been triggered but would not run afoul of state laws that prohibit pleading unliquidated damage amounts.[1]

In Opposition, Defendant argues that it could not ascertain the amount in controversy from the Petition alone. There is no dispute that the Petition does not contain a specific allegation that the damages sought are above the federal jurisdictional amount. As it pertains to damages, Plaintiff's Petition seeks the following:

> … general special, incidental, and consequential damages as the direct and proximate result of the acts and omissions of Kellogg's as stated herein, in an amount that shall be fully proven at the time of trial. Theses damages include, but are not limited to: damages for general pain and suffering; damages for loss of enjoyment of life, both past and future; medical and medical related expenses, both past and future; travel and travel-related expenses, past and future; emotional distress, past and future; pharmaceutical expenses, past and future; past, present, and future loss of wages, and all other ordinary, incidental, or consequential damages that would or could be reasonably anticipated to arise under the circumstances.

(R. Doc. 1-1 at 10, ¶ 37).

Whether these allegations are sufficient such that the case <u>could</u> have been removed is not the issue. Rather, it is whether 30-day period <u>requiring</u> removal was implicated. In drawing this distinction, the *Mumfrey* court distinguished the "amount dispute" analysis used to determine

---

[1] La. C.C.P. art. 893 provides that "[n]o specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand."

3

whether remand should be granted because the jurisdictional amount was not "facially apparent" or otherwise had not been proven, versus a "timeliness dispute," such as the one at issue in this case. *See Mumfrey*, 719 F.3d at 400. The facially apparent inquiry urged by the Plaintiff is not the standard for triggering the 30-day removal period. *Clark*, 2014 WL 458220, *4 ("*Mumfrey*, therefore, makes it perfectly clear that the 'facially apparent' inquiry is applicable only to 'amount dispute' cases, and not to timeliness cases."); *Quest v. Church Mut. Ins. Co.*, No. 13-4872, 2013 WL 6044380, *2 (E.D. La. Nov. 13, 2013) ("Application of the facially apparent test to timeliness cases was specifically rejected by the Fifth Circuit in *Mumfrey*, and is similarly rejected here").[2]

Thus, Plaintiff's Petition does not affirmatively reveal on its face that the amount in controversy exceeds $75,000.

With regard to triggering the 30-day time period from a defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), the Fifth Circuit has provided that the 30-day period is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain"). Accordingly, the standard for triggering removal based upon a subsequent "amended pleading, motion, order, or other paper," as provided in § 1446(b)(3), is at least as strict as the standard for triggering the 30-day period for removal based on an initial pleading, as provided in § 1446(b)(1).

---

[2] *Mumfrey* also recognized that a defendant *may* be able to remove a case immediately upon service of the initial pleading, even one that does not satisfy *Chapman's* bright line rule, assuming that the defendant could prove that the amount in controversy is satisfied. Such an initial pleading, however, does not start the clock such that a defendant was required to remove within 30 days. *Mumfrey*, 719 F.3d at 400 n.13; *Quest*, 2013 WL 6044380, at *2 ("if a defendant can discern from a pleading that over $75,000 is at issue, and the court agrees, the case may be removed," but that facially apparent inquiry has no application in timeliness cases).

4

Defendant argues that the July 28, 2019 settlement demand is the first instance in which it was put on notice that Plaintiff seeks to recover in excess of the jurisdictional amount. Therein, Plaintiff demands "the amount of $578,568 for medical costs, pain and suffering, lost wages, future lost wages, and expenses." (R. Doc. 1-1 at 12). There is no question that this demand is "unequivocally clear and certain" that the amount in controversy is satisfied. Plaintiff's settlement demand is attached to an Affidavit of Susan M. Caruso, which affidavit states that the written settlement demand was received on July 28, 2019. (R. Doc. 1-1 at 2). Plaintiff points to no other paper prior to the July 28, 2019 settlement demand that would trigger the 30-day period for removal, and Defendant does not suggest that the settlement demand is not unequivocally clear with regard to the jurisdictional amount. Defendant removed this action on August 23, 2019, within 30 days of the July 28, 2019 settlement demand. Such removal is timely, and accordingly, Plaintiff's Motion for Remand (R. Doc. 4) should be denied.

### III. Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the Motion to Remand (R. Doc. 4) filed by Plaintiff, Carolyn T. Simons, be **DENIED**.

Signed in Baton Rouge, Louisiana, on February 13, 2020.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**